|  |  |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | **Bogatz & Associates, P.C.**<br>I. SCOTT BOGATZ, ESQ.<br>Nevada Bar No. 3367<br>CRAIG F. ROBINSON, ESQ.<br>Nevada Bar No. 10205<br>3455 Cliff Shadows Parkway, Suite 110<br>Las Vegas, Nevada 89129<br>Telephone: (702) 776-7000<br>Facsimile: (702) 776-7900<br>sbogatz@isbnv.com<br>crobinson@isbnv.com<br>[Proposed] Attorneys for Debtor and<br>Debtor-in-Possession, C-SWDE348, LLC |

EFILED March 22, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re:<br><br>C-SWDE348, LLC, a Nevada limited liability company,<br><br>Debtor. | Case No.:  11-13942-MKN<br>Chapter 11<br><br>Hearing Date: April 27, 2011<br>Hearing Time: 9:30 a.m. |
|---|---|

**<u>DECLARATION AND VERIFIED STATEMENT OF C-SWDE348, LLC IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BOGATZ & ASSOCIATES, P.C. AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSSESSION [11 U.S.C. § 327, 328 AND 329, AND FED.R.BANKR.P. 2014 AND 2016]</u>**

I, I. Scott Bogatz, Esq., hereby declare as follows:

1. I am over the age of 18 years and am mentally competent. I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, could and would do so. I am an attorney duly licensed to practice law in the State of Nevada and before the federal courts located in the District of Nevada. I am employed by and President of the law firm of Bogatz & Associates, P.C. ("B&A"), which maintains its offices at 3455 Cliff Shadows Parkway, Suite 110, Las Vegas, Nevada 89129.

2. I make this Declaration in support of the Application for Order Approving Employment of Bogatz & Associates, P.C. as Attorneys for Debtor and Debtor-in-Possession (the "Application"). By its Application, the Debtor seeks court approval pursuant to Section 327(a) of the Bankruptcy Code to employ and retain B&A as its attorneys, *nunc pro tunc* to the Petition Date, in connection with the commencement and prosecution of its Chapter 11 case.

3.     On or about March 7, 2011, B&A entered into a formal engagement letter agreement (the "Engagement Agreement") with C-SWDE348, LLC (the "Debtor"), which memorialized the terms of the firm's employment that had been previously verbally agreed to by the parties. A copy of the Engagement Agreement is attached hereto as *Exhibit "1"* to this Declaration.

4.     The Engagement Agreement provides for a flat fee in the amount of $7,500 to be paid upon the entry of an order by the Bankruptcy Court of confirmation of a plan of reorganization. I believe that such fee is fair and reasonable and should be approved pursuant to section 328(a) of the Bankruptcy Code. The flat fee will be paid by the Debtor with funds that were contributed to the Debtor by Southwest Desert Equities, LLC (the "Parent") prior to the commencement of this case.

5.     I am informed and believe that the Debtor selected B&A as its attorneys because of the firm's knowledge of the Debtor's and its Parent's business affairs and its experience with similar Chapter 11 matters. Indeed, prior to opening B&A on September 1, 2010, I was the Senior Vice President and General Counsel of Focus Management Services, Inc., which provides management services to the Focus Property Group family of entities ("Focus"). In that capacity I was involved in overseeing the bankruptcy proceedings of, among other entities, B-PVL1, LLC, B-SWDE2, LLC, B-SWDE3, LLC, B-JPV1, LLC, B-VLP2, LLC and B-PVL2, LLC. Each such proceeding is similar to this case and, as a result, I believe that B&A is uniquely qualified to represent the Debtor in this matter and has the necessary background to effectively deal with any issues that may arise in connection with this case in a competent, efficient, and timely manner.

6.     I am informed and believe that the Parent has engaged its own counsel, White & Case, to represent its interests in this case.[1] The Parent is a co-proponent of the Plan. In light of the fact that the Debtor is a newly-formed entity and the Property was previously owned by the Parent, it is anticipated that the efficient coordination of efforts between the Debtor's counsel and the Parent's counsel will greatly add to the progress and effective administration of the case.

---

[1] The Debtor is informed and believes that the Parent has also engaged the services of Adam Bowler of the Law Firm of Timothy S. Cory and Associates to serve as its Nevada counsel.

7. The services of B&A are appropriate and necessary to enable the Debtor to faithfully execute its duties as debtor and debtor-in-possession and to implement the reorganization of the Debtor. Subject to further order of this Court, it is proposed that B&A be employed to render the following services:

    (a) Prepare on behalf of the Debtor, as debtor-in-possession, all necessary or appropriate petitions, schedules, statements, motions, applications, orders, reports, and other papers in connection with the administration of the Debtor's estate;

    (b) Take all necessary or appropriate action in connection with the Plan and Disclosure Statement and all related documents, and take such further action as may be required in connection with the administration of the Debtor's estate;

    (c) Take all necessary or appropriate action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

    (d) Perform all other necessary or appropriate legal services in connection with the prosecution of this Chapter 11 case

Subject to this Court's approval of the Application, B&A is willing to serve as the Debtor's bankruptcy counsel to perform the services herein described.

8. To the best of my knowledge, neither B&A nor any of its partners, of counsel attorneys, or associates have any present connection with the Debtor, its creditors, or other parties-in-interest, except as set forth in this Declaration, including in paragraph 10 below.

9. To the best of my knowledge, neither B&A nor any of its partners, of counsel attorneys, or associates hold or represent any interest adverse to the Debtor's estate, and all are disinterested persons within the meaning of 11 U.S.C. §§ 101(14) and 327, as modified by 11 U.S.C. § 1107(b), except as set forth in this Declaration.

10. To the best of my knowledge, B&A does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee.

11. As noted above, prior to establishing B&A on September 1, 2010, I was the Senior Vice President and General Counsel of Focus. In such capacity, I generally oversaw all legal matters involving Focus, including, without limitation, the formulation and solicitation of the plan of reorganization involved in this case. Further, B&A currently represents various Focus related entities, including the Parent, in litigation and other matters not related to the Debtor or this case and may represent such entities in new matters commenced while this matter is pending. Notwithstanding the foregoing, B&A will not represent the Parent or any other Focus entity in matters related to the Debtor or these proceedings, and I am informed and believe that White & Case has been retained to perform that function.

12. Prior to establishing B&A, I also served as corporate secretary for Focus Management Services, Inc., which provides management services to Focus Property Group family of entities, but holds no ownership interest or voting rights in the Parent or the Debtor. I relinquished the position of Secretary in November 2008. I am not a manager of any Focus-related entity or any entity that controls a Focus related-entity. I do hold about a 0.0006 (or 0.06%) interest in Focus Investment Group, LLC, which owns the majority interest in the Parent, as well as about a 0.0006 (or 0.06%) interest in an entity called Focus Contribution, LLC, which does not have any interest in the Parent. I am not, however, a member or manager of the Debtor, nor do I intend to be in the future. Based upon an analysis of Sections 101, 327(a) and 1107(B) of the Bankruptcy Code, as set forth in the Application, the undersigned submits that B&A is not disqualified for employment as Chapter 11 counsel to the Debtor.

13. Focus has employed B&A in other proceedings filed by related debtors, including as counsel to B-SWDE6, LLC, B-SWDE7, LLC, B-SCT2, LLC, B-SCT1, LLC, G-SWDE1, LLC, C-NW358, LLC, C-NW361, LLC, C-NW362, LLC, C-SWDE382, LLC, C-SWDE383, LLC and C-SWDE384, LLC, which filed petitions for chapter 11 proceedings filed prior to the instant filing. Further, it is my understanding that it is the intention of Focus to employ B&A in future proceedings which may be filed by related debtors. The undersigned submits that B&A's previous and concurrent representation of related debtors is appropriate and should not disqualify the firm from serving as Chapter 11 counsel to this Debtor.

14.     B&A will continue to monitor its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, will supplement its disclosure to the Court.

15.     B&A has requested that the Court approve its $7,500 flat fee arrangement with the Debtor as part of the Application. As noted above, I believe that such fee is reasonable under the circumstances and will result in substantially less legal fees than under a typical hourly arrangement. If the flat fee arrangement set forth herein is approved by the Court, the firm does not intend to apply to the Court for further approval of compensation, although B&A's compensation will remain subject to reconsideration on the terms and conditions set forth in section 328(a) of the Bankruptcy Code and B&A accepts those terms. Of course, B&A will comply with the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure, and the U.S. Trustee Guidelines for Professional Compensation at all times during the pendency of this case.

16.     B&A shall, for and on behalf of the Debtor, serve notice of the hearing on the Application on the Office of the U.S. Trustee, on counsel for the Parent, and on all creditors and other interested parties included on the mailing matrix or file a request for special notice.

17.     I declare under penalty of perjury of the laws of the United States that the statements made herein are true and correct to the best of my knowledge and belief.

Dated this 21st day of March, 2011.

_____
I. Scott Bogatz, Esq.

# EXHIBIT 1

# EXHIBIT 1

BOGATZ & ASSOCIATES, P.C.
ATTORNEYS AND COUNSELORS AT LAW
3455 CLIFF SHADOWS PARKWAY, SUITE 110
LAS VEGAS, NEVADA 89169
TELEPHONE (702) 776-7000
FACSIMILE (702) 776-7900

March 7, 2011

Attention: Thomas J. DeVore

Regarding:   Terms of Engagement for Chapter 11 Proceeding for C-SWDE348, LLC

Dear Tom,

  We appreciate you asking Bogatz & Associates, P.C. ("Firm"), to represent C-SWDE348, LLC. ("C-SWDE348" or "You") in connection a Chapter 11 proceeding. We look forward to serving as C-SWDE348's debtor counsel in this matter. This letter sets forth the terms of our proposed engagement, and constitutes an agreement between us (this "Agreement").

  ***1. Our Client; Terms of Present and Future Engagements.*** C-SWDE348 is our client. Unless we otherwise agree in writing, this Agreement sets forth our entire agreement for rendering professional services for the current and any future engagements. However, should you choose to engage the firm in future matters, you agree to allow this agreement to be supplemented by a letter to include the new engagement.

  ***2. Intake Procedures.*** Our engagement is subject to and effective upon completion of our normal intake procedures, including receipt of a copy or facsimile of this Agreement signed by all parties and completion of a check for potential conflicts of interest. You represent you have disclosed, and promptly will disclose, to us all persons and entities who may have an interest in this matter so that we may avoid any conflicts of interest.

  Our engagement is also subject to approval by the United States Bankruptcy Court for the planned Chapter 11 proceeding.

  ***3. Fees.*** Services will be rendered for a one time flat fee payment of $7,500.00.

  ***4. Charges.*** C-SWDE348 will pay Trustee fees, Court costs, and third party costs such as experts. We will not charge additional amounts above the flat fee for office related costs such as copying, postage and the like.

  ***5. Billing Statements; Carrying Charges on Unpaid Balances.*** The flat fee will be paid at the initiation of the engagement, but will remain subject to approval by the United States Bankruptcy Court.

  ***6. IOLTA Participation.*** We will maintain and safeguard a trust account from which any interest earnings are forwarded to the IOLTA program run by the Nevada Law Foundation. Any interest earned on your trust fund balance will be forwarded to the program.

  ***7. Termination.*** You may terminate our services at any time upon written notice. Our representation will end at the earliest of (a) your termination of our representation, or (b) the substantial completion of our substantive work.

***8. Waiver of Certain Conflicts.*** Because our representation is limited in scope, you have agreed that, subject to certain conditions described below, we may represent, now and in the future, other persons and entities. In particular, you have agreed that while we are representing you in active, pending matters, we may represent other clients in any matters adverse to you or where our representation of you (or any of your affiliates) may be materially limited by our responsibilities to another client, a former client or a personal interest, provided that the matters (a) are not substantially related to active matters we are working on for you, (b) do not involve situations where we have obtained confidential information from you that is material to the new matter(s), and (c) do not involve litigation against you. In addition, if our representation of you is terminated, we may thereafter represent other clients with interests adverse to yours (even in litigation), provided that the representation does not involve confidential information we have obtained from you that is material to those matters. By executing this Agreement you are confirming the above and agreeing to waive in writing any conflict of interest that arises in such situations.

***9. Records and Files Retention.*** All records and files will be retained and disposed of in compliance with our policy in effect from time-to-time. Subject to future changes, it is our current policy not to retain records relating to a matter for more than ten years from the date the matter is opened. Upon your prior written request, we will return records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or make written request for your files at the conclusion of a matter. If you have any questions concerning our records retention policies, please contact us.

***10. No Guarantee of Success.*** It is impossible to provide any promise or guarantee about the outcome of your matter. Nothing in this Agreement or any statements by our staff or our attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are expressions of opinion only.

***11. Candor and Truthfulness.*** C-SWDE348 agrees to be candid with us and to provide us all of the information in your possession or to which you have access, which will be necessary or useful for the discharge of our services. C-SWDE348 will not knowingly make false statements to us or knowingly fail to disclose information to us which is relevant to the services we are performing.

***12. Representation of Organization.*** Since C-SWDE348 is a limited liability company, the Nevada Rules of Professional Conduct, Rule 1.13 applies and provides:

(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents.

(b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, then the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer

the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c) Except as provided in paragraph (d), if

(1) despite the lawyer's efforts in accordance with paragraph (b), the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action, or a refusal to act, that is clearly a violation of law, and

(2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization, then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization.

(d) Paragraph (c) shall not apply with respect to information related to a lawyer's retention by an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law.

(e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c) or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal.

(f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client to the constituent and reasonably attempt to ensure that the constituent realizes that the lawyer's client is the organization rather than the constituent. In cases of multiple representation such as discussed in paragraph (g), the lawyer shall take reasonable steps to ensure that the constituent understands the fact of multiple representation.

(g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

***13. Jurisdiction, Jury Waiver and Attorneys' Fees.*** We both agree to use our good faith best efforts to resolve any dispute concerning attorney fees and costs which may arise. If we cannot reach a resolution, we will comply with the Nevada Rules of Professional Conduct with regard to fee dispute resolutions. In any event, however, jurisdiction for any action which may be brought by either party related to our engagement, this Agreement, any obligations created by this Agreement, and/or the performance or failure to perform services (including, without limit,

claims of breach of duty or professional negligence), is limited to the state or federal courts sitting in Clark County Nevada. In any such action, both parties expressly waive any right to trial by jury. The prevailing party in any such action shall be entitled to recover all attorneys' fees (including the value of time of our attorneys at their normal billing rates), all experts' fees and expenses and all costs (whether or not such costs are recoverable pursuant to Nevada law) as may be incurred in connection with either obtaining or collecting any judgment, in addition to any other relief to which that party may be entitled.

In addition, any issues related to fees for this engagement shall be subject to the jurisdiction of the United States Bankruptcy Court.

*14. Miscellaneous.* This Agreement is governed by Nevada law and sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party signing it whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable. We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

Please contact me as soon as possible if this Agreement does not accurately reflect your understanding. Any corrections or changes must be in writing and signed by both of us.

Please sign and return an acknowledgement copy of this Agreement (along with your check for our retainer if one is specified above) at your earliest convenience.

Very Truly Yours,

J. Scott Bogatz, Esq.

The undersigned has read and understood this Agreement. The foregoing accurately sets forth all the terms of your engagement, and is approved and accepted on _____March 7_____, 2011.

**C-SWDE348, LLC, a Nevada limited liability company**
**By: LEHM, LLC, a Nevada limited liability company, its Manager**

By: _____
Its: Chief Operating Officer